**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

JESUS TORRES-MIGUEL, a/k/a Diego Miguel-Torres,

        *Defendant-Appellant.*

No. 11-4891

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Margaret B. Seymour, District Judge.
(0:10-cr-01214-MBS-1)

Argued: October 24, 2012

Decided: December 13, 2012

Before MOTZ, KING, and DIAZ, Circuit Judges.

---

Vacated and remanded by published opinion. Judge Motz wrote the opinion, in which Judge King and Judge Diaz joined.

---

## COUNSEL

**ARGUED:** John Herman Hare, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Susan Zalkin Hitt, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** Kimberly Albro, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Columbia, South Carolina, for Appellee.

---

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

Jesus Torres-Miguel pled guilty to one count of illegal reentry by an aggravated felon, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2) (2006). When sentencing him, the district court found that his previous state conviction for a criminal threat categorically constituted a prior "crime of violence," justifying a substantial enhancement of his sentence. The court then sentenced Torres-Miguel, with this enhancement, to fifty-one months' imprisonment. For the reasons that follow, we must vacate the judgment of the district court and remand for resentencing.

### I.

In its presentence investigation report ("PSR"), the probation officer recommended a sixteen-level increase to Torres-Miguel's base offense level on the basis of his prior conviction under California Penal Code § 422(a). That statute prohibits, as a felony, willfully threatening to commit a crime that would result in death or great bodily injury. Cal. Penal Code § 422(a). (The record in this case contains no facts as to this underlying conviction.)

Over Torres-Miguel's objection, the district court determined that the California threat conviction categorically constituted a crime of violence justifying a sentencing enhancement under the United States Sentencing Guidelines ("Guidelines"). *See* U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2011). The sentencing enhancement increased Torres-Miguel's Guidelines sentencing range from a period of fifteen to twenty-one months to a period of fifty-seven to seventy-one months. The PSR mistakenly calculated the Guidelines range, after the enhancement, as fifty-one to seventy-one months, rather than fifty-seven to seventy-one months. The court then sentenced Torres-Miguel to the low-end of the enhanced Guidelines range as calculated in the PSR: fifty-one months' imprisonment. Torres-Miguel timely noted this appeal.

"In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." *United States v. Llamas*, 599 F.3d 381, 387 (4th Cir. 2010). This appeal involves a purely legal question of interpretation of the Guidelines, which we therefore subject to de novo review.

## II.

## A.

The single question on appeal is: did the district court properly count Torres-Miguel's prior conviction for a violation of California Penal Code § 422(a) as a crime of violence, justifying a sentencing enhancement under the Guidelines? To determine whether a prior state conviction constitutes a predicate crime of violence justifying an enhanced federal sentence, we generally follow the categorical approach. *United States v. Seay*, 553 F.3d 732, 737 (4th Cir. 2009); *see also Taylor v. United States*, 495 U.S. 575, 600-02 (1990). This approach "look[s] only to the statutory definition of the state crime and the fact of conviction to determine whether the conduct crimi-

nalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence.'" *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008).

In a "narrow range of cases," however, we may apply a modified categorical approach. *Taylor*, 495 U.S. at 602. The modified categorical approach permits a court to consider whether the specific conduct underlying a defendant's prior state conviction constitutes a crime of violence by examining "the terms of the charging document, . . . a plea agreement, . . . [a] transcript of colloquy between judge and defendant, . . . or . . . some comparable judicial record" revealing the "factual basis for the plea." *Shepard v. United States*, 544 U.S. 13, 26 (2005).

We can apply the modified categorical approach only if the prior state conviction rests on a statute that "contains divisible categories of proscribed conduct, at least one of which constitutes—by its elements—a violent felony." *United States v. Gomez*, 690 F.3d 194, 199 (4th Cir. 2012). The predicate state statute at issue here, California Penal Code § 422(a), includes no such "divisible categories." Therefore, as the parties agree, we cannot apply the modified categorical approach in this case. (We note that even if § 422(a) contained "divisible categories of proscribed conduct," *Gomez*, 690 F.3d at 199, we could not apply the modified categorical approach here because the record contains no charging document, plea agreement, or other document approved in *Shepard*, 544 U.S. at 26.)

Thus, we proceed to consider whether Torres-Miguel's prior conviction under § 422(a) *categorically* constitutes a crime of violence.

### B.

Section 422(a), the California statute under which Torres-Miguel was previously convicted, provides:

> Any person who willfully threatens to commit a crime which *will result* in death or great bodily injury to another person, with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety, shall be punished by imprisonment . . . .

Cal. Penal Code § 422(a) (emphasis added).

The applicable Sentencing Guideline defines a crime of violence as:

> [A]ny of the following offenses . . . : murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses . . . , statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or *any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another.*

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (emphasis added).

We have not previously considered whether California Penal Code § 422(a) categorically constitutes a crime of violence under this definition. Our sister circuits have divided on the question. *Compare United States v. Cruz-Rodriguez*, 625 F.3d 274, 277 (5th Cir. 2010) (holding a conviction under § 422(a) not categorically a crime of violence), *with United States v. Villavicencio-Burruel*, 608 F.3d 556, 563 (9th Cir.

2010) (holding a conviction under § 422(a) categorically a crime of violence).**[1]** We now turn to that question, particularly focusing on the rationale offered by the Ninth Circuit in reaching its conclusion that § 422(a) categorically constitutes a crime of violence, a rationale on which the Government heavily relies before us.

### III.

The Ninth Circuit expressly "rest[ed]" its holding on the "plain text" or "plain language" of § 422(a). *Villavicencio-Burruel*, 608 F.3d at 562. The court reasoned that because the elements of § 422(a) "necessarily include a threatened use of physical force capable of causing physical pain or injury to another person," the statute necessarily constituted a crime of violence for purposes of the Guidelines enhancement. *Id.* (internal quotation marks omitted).

That rationale relies on a fundamental misreading of § 422(a). The plain language of the statute requires only that the offender "threatens to commit a crime which will *result* in death or great bodily injury to another." Cal. Penal Code § 422(a) (emphasis added). Contrary to the suggestion of the Ninth Circuit, no element of § 422(a) "necessarily include[s] a threatened *use* of physical force" to accomplish that "result." This misreading of § 422(a) is critical, for the Guidelines provide that, to constitute a crime of violence, a prior offense must have "as an element the *use* or . . . threatened *use* of physical force." *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (emphasis added). An offense that *results* in physical injury, but does not involve the use or threatened use of force, simply

---

**[1]**The Government suggests that the Eighth Circuit has also held that conviction under § 422(a) categorically constitutes a crime of violence. But actually the Eighth Circuit only stated, when denying a defendant's ineffective assistance of counsel claim on habeas review, that "[a]t the time of [the defendant's] sentencing, violation of [§ 422(a)] constituted a violent felony" *under Ninth Circuit law*. *Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009).

does not meet the Guidelines definition of a crime of violence.

Of course, a crime may *result* in death or serious injury without involving *use* of physical force. For example, as the Fifth Circuit has noted, a defendant can violate statutes like § 422(a) by threatening to poison another, which involves no use or threatened use of force. *See Cruz-Rodriguez*, 625 F.3d at 276 (adopting the reasoning of *United States v. De La Rosa-Hernandez*, 264 Fed. App'x 446, 449 (5th Cir. 2008)); *see also United States v. Ortiz-Gomez*, 562 F.3d 683, 687 (5th Cir. 2009) (holding Pennsylvania terroristic threat conviction not a predicate crime of violence under the Guidelines because the statute "does not have as an element the use, attempted use, or threatened use of force").

Other courts have similarly recognized that, to constitute a predicate crime of violence justifying a sentencing enhancement under the Guidelines, a state offense must constitute a *use* or *threatened use* of violent force, not simply *result* in physical injury or death. Thus, the Second Circuit has held that Connecticut third degree assault does not constitute a crime of violence justifying a sentencing enhancement because "there is a difference between the causation of an injury," which is all that the Connecticut statute (like § 422(a)) required, "and an injury's causation by the use of physical force." *Chrzanoski v. Ashcroft*, 327 F.3d 188, 194 (2d Cir. 2003) (internal quotation marks omitted); *see also Dalton v. Ashcroft*, 257 F.3d 200, 207 (2d Cir. 2001) ("There are many crimes that involve a substantial risk of injury but do not involve the use of force. Crimes of gross negligence or reckless endangerment, such as leaving an infant alone near a pool, involve a risk of injury without the use of force.").

For the same reasons, the Tenth Circuit has held that Colorado third degree assault does not categorically constitute a crime of violence. *See United States v. Perez-Vargas*, 414 F.3d 1282, 1287 (10th Cir. 2005). The court explained that,

although the Colorado statute required bodily injury, imposing that injury does not "necessarily include the use or threatened use of ‘physical force’ as required by the Guidelines," and so the Colorado crime was not "categorically a crime of violence under U.S.S.G. § 2L1.2." *Id.*[2]

Not to recognize the distinction between a *use* of force and a *result* of injury is not to recognize the "logical fallacy . . . that simply because all conduct involving a risk of the use of physical force also involves a risk of injury then the converse must also be true." *Dalton*, 257 F.3d at 207. Accordingly, we must conclude that, contrary to the Ninth Circuit's holding, the plain language of § 422(a) does not contain an element requiring the use or threatened use of physical force. Thus, it seems clear that § 422(a) is not categorically a crime of violence as defined in Guidelines § 2L1.2.

## IV.

Although, as noted above, the Ninth Circuit expressly "rest[ed]" its holding on its view of the "plain language" of § 422(a), a view we find erroneous, it also quoted a portion of the Supreme Court's opinion in *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), suggesting it believed that case lent support to its holding. Before us, the Government heavily relies on this alternative rationale. But the argument fails

---

[2]The drafters of the Guidelines certainly understood the difference between use or threatened use of physical force, on the one hand, and causation of injury, on the other, because on multiple occasions they have revised the Guidelines to reflect this difference. Before 1989, the Guidelines definition of crime of violence under the career offender provision referred to 18 U.S.C. § 16, requiring use of force. *See Chrzanoski*, 327 F.3d at 195 n.11. In 1989, the drafters broadened the crime of violence definition to require resultant injury, but not necessarily use of force. *See id.* More recently, the drafters changed the Guidelines definition back to one requiring use of force. Thus the Sentencing Commission has repeatedly recognized the important distinction between use of force and injury caused by force. *See* U.S.S.G. § 4B1.2(a)(1).

because it wrenches the Supreme Court's language in *Duenas-Alvarez* from its context.

In the paragraph on which the Ninth Circuit relied, the Supreme Court stated that:

> To find a state statute creates a crime outside the generic definition of a *listed crime* . . . requires a realistic probability . . . that the State would apply its statute to conduct that falls outside the *generic* definition of a crime. To show that realistic possibility, an offender . . . must at least point to his own case or other cases in which the State courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

*Duenas-Alvarez*, 549 U.S. at 193 (emphasis added). The Ninth Circuit appeared to believe that this language created a rule applicable even when the prior state offense is not a "listed crime" (i.e., a crime enumerated in a list of predicate state offenses in a federal statute or Sentencing Guideline) with a "generic definition." *See Villavicencio-Burruel*, 608 F.3d at 561. But the quoted language, by its own terms, applies *only* to determinations of whether "a state statute creates a crime outside the *generic* definition of a *listed crime*," not to *every* possible state predicate. *Duenas-Alvarez*, 549 U.S. at 193 (emphasis added).

*Duenas-Alvarez* involved just such a listed crime—theft. *See id.* at 185. "Theft" has a generic definition. *See id.* at 189-90. Thus the Supreme Court cautioned that a defendant could avoid treatment of his prior state offense as a predicate crime for federal purposes only by demonstrating that the state offense did not fit within the generic definition of theft. *See id.* at 193-94. Similarly, when we have applied this teaching from *Duenas-Alvarez*, the state predicate crime was another listed crime—"sexual abuse of a minor"—that has a generic definition. *See Diaz-Ibarra*, 522 F.3d at 349. The defendant

in that case maintained that his prior convictions were not crimes of violence because they fell outside the generic definition of sexual abuse of a minor. *See id.* at 347. There, requiring the defendant to show that the state statute realistically covered conduct falling outside the generic definition of the listed crime was both mandated by *Duenas-Alvarez* and entirely logical.

But § 422(a) is not a "listed crime" with a "generic definition." Neither the Government nor the Ninth Circuit suggests that it is. Section 422(a) qualifies as a crime of violence only if it fits in the *residual category* of violent crimes, i.e., "any other offense . . . that has as an element the use, attempted use, or threatened use of physical force." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). To require a defendant to demonstrate that his prior state offense does not fall within this residual category by proving that it is not a "generic" "other offense" is to require the impossible, for there is no generic "other offense," or even a generic "threat" crime.[3]

Accordingly, we must conclude that the Supreme Court's statement in *Duenas-Alvarez* involving "listed crimes," on

---

[3]We note that even if there were a generic "threat" crime, it is hardly clear that this generic threat crime would constitute a crime of violence. Indeed, states have frequently explicitly outlawed threat crimes that involve *no* threat of physical force. *See, e.g.*, Del. Code Ann. tit. 11, § 621 (criminalizing false statements "likely to cause evacuation" or other "serious inconvenience" and acts committed "with intent of causing an individual to believe that the individual has been exposed to a substance that will cause the individual death or serious injury"); Ga. Code Ann. § 16-11-37(a) (criminalizing threats to release hazardous substances or burn or damage property); Kan. Stat. Ann. § 21-3419(a) (repealed 2011) (criminalizing threats to contaminate food, drugs, or a public water supply, or expose animals to disease); Mo. Ann. Stat. § 574.115(1) (criminalizing "communicat[ing] a knowingly false report of an incident or condition involving danger to life, or knowingly caus[ing] a false belief or fear that an incident has occurred or that a condition exists involving danger to life"); 18 Pa. Cons. Stat. Ann. § 2706(a) (criminalizing threats to cause evacuation or otherwise cause serious public inconvenience).

which the Ninth Circuit appeared to rely, simply does not apply to § 422(a), which is not a listed crime with a generic definition.

V.

In sum, we reject both rationales suggested by the Ninth Circuit and adopted by the Government as to why § 422(a) categorically constitutes a crime of violence. We are left with a case in which "the full range of conduct covered by the [predicate] state statute" does not fall within the Guidelines definition of crime of violence. *See Villavicencio-Burruel*, 608 F.3d at 561 (internal quotation marks omitted). As the Ninth Circuit itself has recognized, in such a situation, a court must find—as the Fifth Circuit did—that a conviction under the predicate state statute is not, categorically, a crime of violence. *See id.*

Therefore, Torres-Miguel's sixteen-level sentencing enhancement cannot stand. For these reasons, we must vacate his sentence and remand for resentencing.

*VACATED AND REMANDED*