**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4065**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVONTE JAVAL SHEPARD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:17-cr-00157-RBH-1)

Argued: November 1, 2018                    Decided: November 19, 2018

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** William Fletcher Nettles, IV, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant. Thomas Ernest Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** John P. Cronan, Acting Assistant Attorney General, Matthew S. Miner, Deputy Assistant Attorney General, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Beth Drake, United States Attorney, Columbia, South Carolina, Alfred W. Bethea, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The instant case concerns whether attempted murder under South Carolina law is a crime of violence under the United States Sentencing Guidelines § 4B1.2(a). The district court held that it was, and we affirm.

## I.

The facts in this case are undisputed. Bureau of Alcohol, Tobacco, Firearms and Explosives officers arrested Davonte Shepard in early 2017 for discharging a firearm in a dwelling. They found a gun in his room. Shepard had two previous South Carolina felony convictions for attempted murder, and thus pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The Presentence Investigative Report (PSR) applied U.S.S.G. § 2K2.1(a)(4)(A), which governs the unlawful possession of a firearm by a person previously convicted of a crime of violence. The PSR determined Shepard's two prior South Carolina convictions were crimes of violence under U.S.S.G. § 4B1.2(a)(1) & (2), which substantially increased Shepard's Guideline range. Shepard objected to how the PSR classified his prior convictions, but the district court adopted the reasoning in the PSR and overruled the objection. The district court then sentenced Shepard to forty months in prison and three years of supervised release, which was within his Guideline range. This appeal followed.

## II.

On appeal, Shepard again presses his objection that his prior convictions were not crimes of violence, but we disagree. Under the Guidelines, an offense punishable by more than one year in prison can constitute a "crime of violence" in two ways. The first is often

3

called the "Force Clause" or "Elements Clause": "(1) [The offense] has as an element the use, attempted use, or threatened use of physical force against the person of another …." U.S.S.G. § 4B1.2(a)(1). To be convicted of attempted murder in South Carolina, one must "with intent to kill, attempt[] to kill another person with malice aforethought, either expressed or implied …." S.C. Code Ann. § 16-3-29.[*]

We map state offenses onto the Guidelines definitions using the categorical approach required by Supreme Court precedent, which instructs us to limit our view "to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602 (1990). Under the categorical approach, a court examines the least culpable conduct that would give rise to "a realistic probability, not a theoretical possibility, that the State would apply its statute …." *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (internal quotation marks omitted). Thus, with respect to the Force Clause, the question boils down to whether the element of "with intent to kill, attempt[ing] to kill another person with malice aforethought" constitutes the "attempted use … of physical force against the person of another …." The answer, unsurprisingly, is yes.

Appellant argues that certain ways of committing attempted murder would apply force only indirectly—for example, a defendant could attempt to poison someone—and therefore would not be a "use" of force. However, the Supreme Court has rejected that reasoning: "The 'use of force' … is the act of employing poison knowingly as a device to

---

[*] The government has also argued that attempted murder satisfied § 4B1.2(a)(2), the Enumerated Clause. In light of our conclusion below that the Force Clause was met, we need not address this argument.

4

cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *United States v. Castleman*, 572 U.S. 157, 171 (2014).

As appellant acknowledges, this case is not the first to apply *Castleman*. *See United States v. Burns-Johnson*, 864 F.3d 313, 318 (4th Cir. 2017); *United States v. Reid*, 861 F.3d 523, 529 (4th Cir. 2017); *In re Irby*, 858 F.3d 231, 237-38 (4th Cir. 2017). Appellant simply argues that these cases are wrong, and points instead to *United States v. Middleton*, 883 F.3d 485 (4th Cir. 2018). The opening brief properly "concedes that … to prevail in this appeal this court would have to conclude that *Burns-Johnson et. al.* were wrongly decided … which would require an *en banc* opinion." Appellant Br. at 19. This concession is sufficient to affirm the judgment, but we also note that *Middleton* does not support appellant's position.

*Middleton* held that South Carolina involuntary manslaughter was not a crime of violence. 883 F.3d at 493. *Middleton* stands for the proposition that unintentionally causing physical force to harm someone is not necessarily "a use of violent physical force against the person of another." *Id.* at 492; *see also id.* at 497 (Floyd and Harris, J.J., concurring). This case is quite different, since attempted murder requires acting "with intent to kill," S.C. Code Ann. § 16-3-29. As *Castleman* explains, "the knowing or intentional application of force is a 'use' of force." 572 U.S. at 170. *Middleton* is not to the contrary.

In view of multiple on-point precedents, we hold that attempted murder under South Carolina law is a crime of violence under U.S.S.G. § 4B1.2(a)(1). The judgment is

*AFFIRMED*.