**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 18-6754

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN BATTLE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:11-cr-00110-ELH; 1:15-cv-03814-ELH)

Argued: March 19, 2019                                    Decided: June 11, 2019

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by published opinion. Judge Quattlebaum wrote the opinion, in which Judge Niemeyer and Senior Judge Shedd joined.

**ARGUED:** Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Elizabeth G. Wright, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, David I. Salem, Assistant United States Attorney, Ellen Cobb, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,

Greenbelt, Maryland, for Appellee.

QUATTLEBAUM, Circuit Judge:

Kevin Battle appeals from the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. Battle had been sentenced as an armed career criminal under 18 U.S.C. § 924(e) after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In his petition, Battle argues that, in light of *Johnson v. United States*, 559 U.S. 133 (2015), he is not an armed career criminal because his 1991 Maryland conviction for assault with intent to murder ("AWIM") is no longer a "violent felony" under the Armed Career Criminal Act ("ACCA"). For the reasons set forth below, we affirm the district court and find that Maryland AWIM is a violent felony under the ACCA.

I.

On August 8, 2011, Battle pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g). The district court adopted the factual findings and advisory guidelines in the Presentence Report ("PSR"). After finding that he had three prior qualifying convictions, the court concluded that Battle was an armed career criminal under the ACCA. Specifically, the PSR referenced a 1991 Maryland conviction for AWIM as a violent felony and two Maryland convictions from 1998 and 2006 for possession with intent to distribute cocaine which qualified as serious drug offenses under § 924(e)(1). Accordingly, the court sentenced Battle on November 8, 2011, to a mandatory minimum term of imprisonment of fifteen years under the ACCA.

3

Battle directly appealed to this Court on November 9, 2011, challenging his designation as an armed career criminal and specifically arguing that his prior conviction for Maryland AWIM failed to qualify as a violent felony under the ACCA. This Court affirmed the sentence in an unpublished per curiam opinion dated October 4, 2012, concluding that the offense was a violent felony under the ACCA's residual clause. Battle filed his first 28 U.S.C. § 2255 petition on November 25, 2013, which the district court denied.

After the Supreme Court's decision in *Johnson*, which invalidated the ACCA's residual clause as vague, and *Welch v. United States*, 136 S. Ct. 1257 (2016), which made *Johnson* retroactive, Battle moved to file a successive § 2255 petition. This Court granted that motion on June 1, 2016, finding that Battle made the prima facie showing required for successive § 2255 petitions. In the petition before the district court, Battle argued that he no longer has the requisite number of prior convictions to qualify as an armed career criminal post-*Johnson* because the 1991 AWIM conviction no longer qualifies under the ACCA's residual clause. The district court denied his petition, finding AWIM involves violent force sufficient to satisfy the ACCA force clause, regardless of the ruling about the ACCA's residual clause. Despite the court's finding, it granted a certificate of appealability. This Court has jurisdiction over the appeal based on 28 U.S.C. § 2253(a) and 28 U.S.C. § 1291.

4

## II.

The central issue for us on appeal is whether Maryland's AWIM offense qualifies as a violent felony under the ACCA.[1]  The ACCA requires a mandatory fifteen-year statutory minimum sentence for a defendant convicted of possession of a firearm after three prior convictions "for a violent felony or a serious drug offense or both."  18 U.S.C. § 924(e)(1).  To frame the issue, we initially review several pertinent definitions.  In defining the term "violent felony," the ACCA provides a list of offenses, as well as what is known as the "force clause," to define the scope of a predicate violent felony. Applicable here, under the force clause, "violent felony" means any crime punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  The phrase "physical force," as referenced in 18 U.S.C. § 924(e)(2)(B)(i),  means "*violent* force—that is, force capable of causing physical pain or injury to another person."  *Johnson*, 559 U.S. at 140 (emphasis in original).  The meaning of "physical force" is a question of federal law, not state law.  *Id.* at 138.

---

[1] To prevail on a § 2255 motion to vacate, the moving party must show that his sentence is unlawful on one of the grounds specified in § 2255(b). *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010).  Section 2255 provides for habeas relief where the court finds the judgment was rendered without jurisdiction; where the sentence imposed was not authorized by law or otherwise open to collateral attack; or where there has been a denial or infringement on the constitutional rights of the prisoner so as to render the judgment vulnerable to collateral attack.  28 U.S.C. § 2255(b).  The Court reviews the district court's denial of a petitioner's § 2255 petition de novo. *United States v. Carthorne*, 878 F.3d 458, 464 (4th Cir. 2017).  Likewise, this Court reviews de novo a district court's ruling that a particular offense qualifies as a violent felony under the ACCA. *See United States v. Evans*, 848 F.3d 242, 245 (4th Cir. 2017).

5

Our inquiry is whether AWIM has as an "element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). To determine whether Battle's AWIM conviction qualifies under the ACCA as a violent predicate felony, we apply the categorical approach originally set forth in the Supreme Court's decision of *Taylor v. United States*, 495 U.S. 575 (1990).[2] Under the categorical approach, we look to the statutory definition of the state crime to determine whether the conduct criminalized by the statute falls within the ACCA's definition of a violent felony. In other words, we look to the elements of the state law crime, rather than the conduct underlying Battle's particular offense. *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008). In doing so, however, we are "bound by the interpretation of such offense articulated by that state's courts." *United States v. Winston*, 850 F.3d 677, 684 (4th Cir. 2017).

In conducting this analysis, "we focus on the minimum conduct required to sustain a conviction for the state crime." *United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016) (internal quotation marks omitted). Yet, the conduct must give rise to a "realistic probability, not a theoretical probability" that a state would apply the law and uphold a

---

[2] Through the *Alice in Wonderland* path known as the "categorical approach," we must consider whether Battle's assault of a person with the intent to murder is a crime of violence. While the answer to that question might seem to be obviously yes, it is not so simple after almost 30 years of jurisprudence beginning with *Taylor*. We must look not to what Battle actually did. Instead, we must turn away from the facts of this case and consider how assault with intent to murder could realistically be committed in situations that have nothing to do with Battle. As absurd as this sounds, it is what we are bound to do under current precedent.

conviction based on such conduct. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013). The "focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense." *Id.*[3] In other words, Battle must "demonstrate that the State actually prosecutes the relevant offense in cases" in the manner Battle claims. *Id.* at 206.

The district court below concluded that AWIM qualifies as a violent felony under the ACCA. Relying on *United States v. Castleman*, 572 U.S. 157 (2014), the district court focused on the requisite AWIM mens rea—the intent to murder the assault victim. We find the district court's analysis thorough and its conclusion correct. In affirming, we first address the Maryland AWIM statute and the definition of that crime. We then examine *Castleman* and this Court's decisions following it that bear heavily on the outcome of this case. Next, we evaluate the Maryland cases Battle argues indicate that AWIM can be committed in Maryland without the exercise of force. Finally, we examine other analogous authority from Maryland, this Court and other circuits consistent with the conclusion reached by the district court which we affirm.

A.

Looking first at the relevant statute, at the time of conviction, Article 27, § 12 of the Maryland Code stated: "[e]very person convicted of the crime of an assault with intent to murder is guilty of a felony and shall be sentenced to imprisonment for not less

---

[3] This Court has applied the "realistic probability" test in comparing a state statutory crime to the ACCA force clause. *See United States v. Burns-Johnson*, 864 F.3d 313, 316 (4th Cir. 2017); *Doctor*, 842 F.3d at 308–09.

than two years nor more than 30 years." Md. Code Ann., Art. 27, §12 (1957, 1991 Repl. Vol.).[4] At that time, AWIM was a statutory aggravated assault, but the statute did not define the crime.

Without a statutory definition, the Maryland Court of Appeals defined AWIM "as an assault upon the victim coupled with an intent to murder, which can be shown by proof that the crime would have been murder if the victim had died." *Hardy v. State*, 482 A.2d 474, 477 (Md. 1984).[5] In other words, "*there must be proof not only of an assault but of an intent to murder.*" *State v. Jenkins*, 515 A.2d 465, 471 (Md. 1986) (internal quotation marks omitted) (emphasis in original). AWIM is a specific intent crime and the only mens rea that would support the conviction is the specific intent to bring about the death of the assault victim. *See Abernathy v. State*, 675 A.2d 115, 116 (Md. Ct. Spec. App. 1996).

B.

In light of the foregoing, we turn to the Supreme Court's recent decision in *Castleman*, which considered 18 U.S.C. § 922(g)(9)'s "physical force" requirement.

---

[4] When determining whether a defendant was convicted of a violent felony, we look to the version of state law the defendant was convicted of violating. *See McNeill v. United States*, 563 U.S. 816, 821 (2011). In 1996, the Maryland General Assembly enacted assault statutes "combining all statutory offenses of assault then existent as well as all common law forms of assault and battery into a single and comprehensive statutory scheme…." *Robinson v. State*, 728 A.2d 698, 704 (Md. 1999).

[5] We previously noted that common law assault under Maryland law is an attempted battery or the intentional placing of a victim in reasonable apprehension of an imminent battery, while battery is "is any unlawful application of force, direct or indirect, to the body of the victim." *United States v. Battle*, 494 F. App'x 404, 405 (4th Cir. 2012) (internal quotation marks omitted).

Based on this case, we conclude that Maryland AWIM is a crime of violence under the ACCA. In *Castleman,* the defendant was convicted of "intentionally or knowingly caus[ing] bodily injury" to his child's mother in violation of Tennessee law. *Castleman,* 572 U.S. at 169 (internal quotation marks omitted). The Court held that the use of physical force was an element of his conviction because "[i]t is impossible to cause bodily injury without applying force…." *Id.* at 170. In other words, the "knowing or intentional causation of bodily injury necessarily involves the use of physical force," regardless of whether an injury resulted from direct or indirect means. *Id.* at 169. Thus, the Court concluded that Castleman's state court conviction qualified as a misdemeanor crime of domestic violence, justifying an indictment under 18 U.S.C. § 922(g)(9) for illegal possession of a firearm.

Pertinent to Battle's arguments, *Castleman* rejected the notion that one could cause bodily injury without the use of physical force by, for example, deceiving a victim into drinking a poisoned beverage. *Id*. at 170. Instead, the Court concluded that force encompasses even its indirect application. "[I]t is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *Id.* at 171. After *Castleman*, the poison analogy that was so central to the holding of *United States v. Torres-Miguel*, 701 F.3d

9

165 (4th Cir. 2012),[6] and to Battle's argument concerning the use of physical force, no longer stands.

Following *Castleman*, our precedent leads us to the same result. As this Court noted in *In re Irby*, 858 F.3d 231 (4th Cir. 2017), the "distinction we drew in *Torres-Miguel* between indirect and direct applications of force and our conclusion that poison involves no use or threatened use of force, no longer remains valid in light of *Castleman*'s explicit rejection of such a distinction." *In re Irby*, 858 F.3d 231, 238 (4th Cir. 2017) (internal quotation marks omitted). We concluded in *Irby* that retaliatory murder, which "makes it an offense to intentionally kill another person in retaliation," was a crime of violence because "one cannot unlawfully kill another human being without a use of physical force capable of causing physical pain or injury to another." *Id.*

We noted in *United States v. Reid,* 861 F.3d 523 (4th Cir. 2017), that *Castleman*'s reasoning extended to situations involving the ACCA because *Castleman* did not rest on any distinction between § 922(g)(9) and ACCA's force clause. *United States v. Reid*, 861 F.3d 523, 528 (4th Cir. 2017). In *Reid*, we affirmed a conviction following a guilty plea to a § 922(g) felon in possession violation and a sentencing posed under the ACCA. We rejected the appellant's argument that a violation of a Virginia statute for the infliction of bodily injury could be violated in a variety of non-violent ways. We held that because

---

[6] In *Torres-Miguel*, this Court stated that "a crime may result in death or serious injury without involving use of physical force," such as "by threatening to poison another, which involves no use or threatened use of force." *Torres-Miguel*, 701 F.3d at 168–69 (considering whether a California threat conviction constituted a crime of violence under the United States Sentencing Guidelines).

the statute required that the defendant "knowingly and willfully inflict[ed] bodily injury" on the victim, a conviction under the statute falls within the ACCA's definition of a violent felony and therefore serves as a predicate offense.[7] *Id.* at 529.

*Irby* and *Reid* demonstrate that the logic of *Castleman* extends to our review of ACCA's force clause and that Maryland AWIM satisfies the force clause because the offense contemplates an intentional causation of bodily injury.

Battle suggests that despite *Irby* and *Reid*, our decision in *United States v. Middleton,* 883 F.3d 485 (4th Cir. 2018), supports his position by acknowledging that a crime may result in death or serious injury without involving the use of force. In *Middleton*, we held that South Carolina involuntary manslaughter is not a violent felony under the ACCA's force clause. In doing so, we noted that *Castleman* did not abrogate the "causation aspect" of *Torres-Miguel* that "a crime may result in death or serious injury without involving the use of physical force." *United States v. Middleton*, 883 F.3d 485, 491 (4th Cir. 2018) (internal quotation marks omitted).[8] But that proposition applies only where a crime does not have as an element the intentional causation of death or

---

[7] We similarly recognized the limitations of *Torres-Miguel* in *Burns-Johnson*, where we affirmed the district court's judgment and concluded that there was not "a realistic probability that North Carolina's appellate courts would apply [the state armed robbery statute] as encompassing robbery with the unintentional use of a dangerous weapon." *Burns-Johnson*, 864 F.3d at 319–20. The panels in *Reid*, *Irby* and *Burns-Johnson* did not overrule another panel and ignore *Torres-Miguel* as Battle suggests. Even still, a panel decision is not binding to the extent that its holding has been "clearly undermined" by later Supreme Court precedent. *Winston*, 850 F.3d at 683.

[8] But we also declared that it "is well-settled that *Castleman* abrogated a portion of *Torres-Miguel*'s reasoning." *Middleton*, 883 F.3d at 491.

injury. It is true that a crime "may result in" bodily injury without involving the use of force as we found in *Middleton*. But a crime requiring the "intentional causation" of injury requires the use of physical force. *Castleman*, 572 U.S. at 170.

In sum, *Castleman* teaches us that the requisite mens rea is crucial in the force analysis. "[T]he knowing or intentional causation of bodily injury necessarily involves the use of physical force." *Castleman*, 572 U.S. at 169. Again, *Castleman* held that the use of physical force was an element of his conviction because "[i]t is impossible to cause bodily injury without applying force."[9] *Id.* at 170. Here, AWIM requires the specific intent to bring about the death of the assault victim. Following *Castleman*, it is impossible to intend to cause injury or death without physical force as contemplated under the ACCA.

### C.

In arguing that a Maryland AWIM can be committed without violent force, Battle argues that the offense can be accomplished by an act of omission, such as refusing to provide food, shelter or medicine to a child. Battle cannot point to any Maryland AWIM case to support the notion that AWIM may be committed by an act of mere omission. Without any AWIM cases to support his theory, he points to two Maryland cases concerning depraved heart second degree murder convictions based on acts of

---

[9] Indeed, the Tenth Circuit acknowledged that almost every circuit that has looked at this issue has determined that the logic of *Castleman* applies when analyzing a "physical force" requirement. *United States v. Ontiveros*, 875 F.3d 533, 537 (10th Cir. 2017) (collecting cases).

12

"omission." Neither case addresses the elements of AWIM (assault and mens rea) and cannot show a realistic probability that AWIM would be applied to acts of mere omission.

Battle first relies on *Simpkins v. State,* 596 A.2d 655 (Md. Ct. Spec. App. 1991) where the intermediate appellate court affirmed the second-degree murder convictions for defendants who left their two-year-old daughter in a crib without food and water for days, leading to her death by starvation. *Simpkins v. State*, 596 A.2d 655 (Md. Ct. Spec. App. 1991). This case, however, does not support Battle's position.

*Simpkins* lists four types of mens rea which distinguish murder from manslaughter: (1) intent to kill; (2) intent to do grievous bodily harm; (3) intent to do an act under circumstances manifesting extreme indifference to the value of human life (depraved heart); or (4) intent to commit a dangerous felony. *Id.* at 657. As acknowledged by Battle himself, *Simpkins* involves a depraved heart murder conviction meaning the defendant acted with extreme indifference as opposed to an intent to kill or do grievous bodily harm. Therefore, the defendants in *Simpkins* could not be convicted of AWIM because they lacked AWIM's required "intent to murder." *See Hardy v. State*, 482 A.2d at 477. Indeed, "[c]ommon-law assault, an element of [AWIM], has been defined in various ways, but the essence of the crime is an attempt by force to injure the person of another." *Id.* (internal quotations marks omitted). To extrapolate from *Simpkins*, a depraved heart murder case based on extreme indifference, that Maryland would uphold an AWIM conviction based on an act of omission would require this Court to disregard the only mens rea that would support an AWIM conviction—the intent to

13

kill. This would be the type of extraordinary exercise of legal imagination the Supreme Court has counseled us to avoid.

Battle's second case is no more helpful to his argument. In *In re Eric F.*, 698 A.2d 1121 (Md. Ct. Spec. App. 1997), the Maryland intermediate court found a fourteen-year-old defendant delinquent after determining that he had committed acts which, if he had been an adult, would have constituted depraved heart murder. In that case, the defendant dragged an intoxicated, unconscious teenaged girl into the woods behind his house and left her to die of hypothermia in sub-zero temperatures. *In re Eric F.*, 698 A.2d 1121 (Md. Ct. Spec. App. 1997). Citing *Simpkins*, the court acknowledged generally that an act of omission can be the basis for depraved heart murder.[10] However, this case does not support Battle's position either. It does not reference an assault crime and the conduct in that case clearly involves an act of commission.

Without support from those two cases, Battle points to *Lamb v. State,* 613 A.2d 402 (Md. Ct. Spec. App. 1992), which offers a scholarly exploration of the crime of assault and attempted battery. However, the only citation for the general proposition that a "battery may be perpetrated by an act of omission" is a criminal law hornbook. *Lamb v. State*, 613 A.2d 402, 415 (Md. Ct. Spec. App. 1992). Further, although *Lamb* makes clear that a common-law assault could be committed in a number of ways, it does not

---

[10] "The essential element of depraved heart murder is that the act in question be committed under circumstances manifesting extreme indifference to the value of human life. . . . The question is whether the defendant engaged in conduct that created a very high risk of death or serious bodily injury to others." *In re Eric F.*, 698 A.2d at 1126 (internal quotation marks omitted).

14

refer to a Maryland assault or AWIM conviction based on an omission. Citing to a hornbook to support dicta does not equate to an exemplary prosecution under Maryland law. In fact, the primary issue in *Lamb* was whether a conviction for assault should have merged into a conviction for false imprisonment. *See Pair v. State*, 33 A.3d 1024, 1029 (Md. Ct. Spec. App. 2011) (discussing the holding of *Lamb*). Therefore, *Lamb* does not support Battle's argument.

## D.

In concluding that Maryland AWIM qualifies as a violent felony under the ACCA's force clause, we find several other interpretations of Maryland law instructive. First, we note that Maryland sentencing statutes in effect at the time of Battle's conviction defined AWIM as a "crime of violence" for Maryland sentencing enhancement purposes, imposing mandatory sentences for such crimes. *See* Md. Code Ann., Art. 27, § 643B(a) (1957, 1987 Repl. Vol., 1991 Supp.) (defining "crime of violence" to include "assault with intent to murder," but not including simple assault, and imposing a further imprisonment for a person who had been convicted on two separate occasions of a crime of violence, and had served at least one term of confinement as a result of a conviction of a crime of violence). Like the district court, we find this strong evidence that Maryland AWIM has as an element the use, attempted use, or threatened use of physical force against a person of another. Therefore, it qualifies as a violent felony under the ACCA.

Similarly, our conclusion that Maryland AWIM is a violent felony is consistent with *United States v. Redd*, 372 F. App'x 413 (4th Cir. 2010), where this Court

15

determined that Maryland first-degree assault in violation of Maryland Criminal Code § 3-202, a re-codification of the previous AWIM, is a violent felony. Finally, it is consistent with the D.C. Circuit's conclusion in *United States v. Haight*, 892 F.3d 1271, 1281 (D.C. Cir. 2018) which found that Maryland first degree assault is a violent felony.

## III.

We conclude that a conviction of Maryland AWIM, which constitutes a statutory aggravated form of assault, coupled with a specific intent to murder, falls within ACCA's definition of a violent felony and, therefore, serves as a predicate offense for purposes of the ACCA. Battle has three prior convictions that qualify as ACCA predicate offenses. Consequently, the district court's denial of habeas relief was proper.

The district court's judgment is

*AFFIRMED.*