**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4207**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

DELTRICK DUJUAN DANDY,

  Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Bruce H. Hendricks, District Judge.  (7:18-cr-00577-BHH-1)

Submitted:  October 29, 2019                                    Decided:  November 6, 2019

Before GREGORY, Chief Judge, and MOTZ and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeremy A. Thompson, LAW OFFICE OF JEREMY A. THOMPSON, LLC, Irmo, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, D. Josev Brewer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deltrick Dandy pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Dandy appeals his 180-month sentence, which the district court imposed pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012). We affirm.

The ACCA's 15-year mandatory minimum sentence applies to defendants who violate § 922(g)(1) and have sustained three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Dandy argues that he only has one prior conviction, a South Carolina conviction for pointing and presenting a firearm, that qualifies as an ACCA predicate. He contends that the district court erred in categorizing two prior South Carolina convictions for criminal domestic violence (CDV) as "violent felonies."[*]

This Court reviews de novo the district court's determination that a state crime qualifies as a predicate offense under the ACCA. *United States v. Burns-Johnson*, 864 F.3d 313, 315 (4th Cir. 2017). "However, when a defendant has not objected to that classification before the district court, we review such a question for plain error." *United States v. Carthorne*, 726 F.3d 503, 509 (4th Cir. 2013) (addressing unpreserved objection to career offender enhancement). "To establish plain error, a defendant has the burden of

---

[*] Dandy also contends that the district court erred in including two South Carolina convictions for possession with intent to distribute marijuana (PWID) as predicate offenses. However, the presentence report (PSR) clarified that Dandy's two PWID convictions were not considered for purposes of the ACCA, and the district court adopted the PSR in its entirety.

2

showing: (1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights." *Id*. at 510. Because Dandy first raises this challenge on appeal, we review for plain error.

A violent felony is defined as "any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924 (e)(2)(B)(i). Dandy argues that his CDV convictions are not "violent felonies" under the ACCA "because CDV essentially criminalizes simple assault and battery" and does not meet the violent force requirement of *Johnson v. United States*, 559 U.S. 133, 140 (2010) (explaining that "the phrase 'physical force' [in § 924(e)(2)(B)] means *violent* force—that is, force capable of causing physical pain or injury to another person"). However, we recently rejected this argument and held that the fact that CDV "requires at least a threat of physical harm or injury under circumstances reasonably creating fear of imminent peril . . . satisfies the Supreme Court's definition of physical force under the ACCA." *United States v. Drummond*, 925 F.3d 681, 694, 696 (4th Cir. 2019) (holding "that South Carolina CDV statute categorically qualifies as a violent felony under the ACCA"). Accordingly, the district court did not err in characterizing Dandy's CDV convictions as ACCA predicate offenses.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3