**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4903

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER LARONN BROWN,

Defendant - Appellant.

No. 04-7191

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER LARONN BROWN,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-04-95)

Submitted: September 14, 2005      Decided: October 27, 2005

Before WILKINSON, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Christopher Laronn Brown challenges his conviction and sentence. A jury found Brown guilty of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). Brown challenges the sufficiency of the evidence and the district court's decision to permit evidence of Brown's prior possession of the same firearm at issue in the conviction. Brown also challenges his sentence under the rules announced in United States v. Booker, 543 U.S. ____, 125 S. Ct. 738 (2005). Brown also filed a pro se supplemental brief in Appeal No. 04-7191, in which he filed a pro se notice of appeal from a district court order denying his pro se motion to have his counsel withdraw. While we affirm the conviction, we vacate the sentence and remand for resentencing.

Brown contends the evidence was insufficient to support his conviction because both main witnesses were unreliable witnesses having given different versions of the events to other law enforcement authorities and prosecutors. When reviewing a sufficiency-of-the-evidence claim, the verdict will be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable

- 3 -

doubt." <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In resolving issues of substantial evidence, this court does not weigh evidence or review witness credibility. The court assumes the jury resolved all contradictions in testimony in favor of the Government. <u>United States v. Romer</u>, 148 F.3d 359, 364 (4th Cir. 1998). In addition, on review, the evidence must be viewed in a way as to be most favorable to the Government.

The elements of a violation of § 922(g)(1) are that: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting interstate commerce, because the firearm had travelled [sic] in interstate or foreign commerce." <u>United States v. Langley</u>, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).

Brown only challenges the element concerning knowing possession. We find the evidence is more than substantial to show Brown possessed the firearm. Witnesses testified to seeing Brown with the gun on the date in question. Any contradictions in the testimony are assumed to be resolved in favor of the Government. Moreover, the evidence is reviewed most favorably toward the Government. Brown's challenge to the credibility of the witnesses is without merit.

Brown contends the district court erred admitting evidence that he was observed shooting the same firearm a week before the incident in question. Brown was informed prior to trial that the Government intended to present this evidence. Because Brown did not object, review is for plain error. In order to demonstrate plain error, Brown must show an error occurred, the error was plain, and the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Correction of the error remains within the court's discretion, which the court "should not exercise . . . unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. at 732 (second alteration in original) (quoting United States v. Young, 470 U.S. 1, 15 (1985) (internal quotation marks omitted)).

Under Rule 404(b) of the Federal Rules of Evidence, evidence of other bad acts may be admissible if it is "probative of a material issue other than character." Huddleston v. United States, 485 U.S. 681, 686 (1988). Such evidence is properly admitted when it is "(1) relevant to an issue other than character, (2) necessary, and (3) reliable." United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991) (internal citations and quotations omitted). In addition, the evidence must be more probative than prejudicial. United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997). Review of a district court's determination of the

admissibility of evidence under Rule 404(b) is for abuse of discretion. <u>Queen</u>, 132 F.3d at 995. A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. <u>United States v. Haney</u>, 914 F.2d 602, 607 (4th Cir. 1990). Evidentiary rulings are also subject to review for harmless error under Federal Rule of Criminal Procedure 52, and will be found harmless if the reviewing court can conclude "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." <u>United States v. Nyman</u>, 649 F.2d 208, 211-12 (4th Cir. 1980) (quoting <u>Kotteakos v. United States</u>, 328 U.S. 750, 765 (1946)).

We find the evidence was relevant to the issue of whether Brown possessed the gun in question. The evidence was reliable and necessary to prove the contested issue in this trial: whether Brown possessed the firearm. With respect to the fourth factor, under Rule 403, "[p]rejudice . . . refers to evidence that has an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" <u>Queen</u>, 132 F.3d at 994 (quoting Fed. R. Evid. 403 advisory committee's note); <u>see United States v. Van Metre</u>, 150 F.3d 339, 351 (4th Cir. 1998) (interpreting Rule 403 to require exclusion of evidence only in those instances where the trial judge believes "'that there is a genuine risk that the emotions of the jury will be excited to

irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence'") (quoting United States v. Powers, 59 F.3d 1460, 1467 (4th Cir. 1995)). Here, the probative value of the evidence was high because it went to a highly contested issue at trial. Given the high probative value, we find evidence of prior possession and use of the firearm did not substantially outweigh the probative value. Even if it was error to admit the evidence, given the substantial evidence supporting the conviction, the error was harmless.

Brown challenges his sentence under the rules announced in Booker. In the Presentence Investigation Report ("PSR"), Brown was assigned a base offense level of 20 because he committed the offense subsequent to sustaining one felony conviction for a crime of violence. See U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2003). Four points were added because Brown used the gun in connection with another felony offense, felony discharge of a weapon into occupied property and felony assault with a deadly weapon with intent to kill inflicting serious injury. See USSG § 2K2.1(b)(5). Another two points were added because Brown obstructed justice by trying to persuade one witness not to testify against him and another to discard the gun and the magazine. See USSG § 3C1.1. The PSR further noted Brown was a armed career criminal pursuant to § 924(e) and USSG § 4B1.4(b)(3)(A), having three prior convictions for felony robbery with a dangerous weapon.

Accordingly, his offense level was 34 because the firearm was used in connection with a crime of violence.

The statutory sentence for an armed career criminal with a § 924(g) conviction is 15 years' to life imprisonment. Because Brown was in criminal history category VI as a result of being an armed career criminal who used the firearm in connection with a crime of violence, he was subjected to a guideline sentence of 262 to 327 months' imprisonment. See USSG § 4B1.4(c)(2).

Brown filed objections in which he claimed the offense level was improper under Blakely v. Washington, 542 U.S. 296 (2004). Counsel claimed the base offense level should be 14 instead of 20, because the prior felony conviction was not found by the jury or admitted by Brown. Counsel also argued the offense level should not be enhanced for the alleged conduct surrounding the possession. In addition, counsel claimed that the enhancement for being an armed career criminal should not apply, but if it does, it should only be 33 instead of 34. An offense level of 33 does not require a finding that the firearm possession was in connection with a crime of violence. See USSG § 4B1.4(b)(3)(B). Counsel also claimed no criminal history points should be applied, nor should he be placed in criminal history category VI for being an armed career criminal. The district court denied counsel's objections and sentenced Brown to 288 months' imprisonment.

Because Brown preserved his Sixth Amendment claim by objecting to his armed career criminal classification based upon Blakely, this court's review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient Apprendi[1] sentencing objection in the trial court, and so preserved his objection, we review de novo."). When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)).

In Booker, the Supreme Court held that Blakely applied to the federal sentencing guidelines and that the mandatory manner in which the guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Thus, when a defendant pleads guilty and is sentenced under the mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury

_____

[1]Apprendi v. New Jersey, 530 U.S. 466 (2000).

- 9 -

verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at ___, 125 S. Ct. at 756.

In the instant appeal, the district court engaged in judicial fact finding by imposing an offense level of 34 based on the finding that Brown's possession of a firearm was used in connection with a crime of violence. Likewise, the criminal history category was adjusted based upon the same finding. In finding Brown guilty of firearm possession, the jury did not have to find that his possession was in connection with a crime of violence. Nor did Brown admit to such a allegation.[2]

Because the district court engaged in judicial fact-finding to determine Brown's offense level, criminal history category and the resulting guideline range was imposed in a mandatory manner, there was a Sixth Amendment violation under Booker. On remand, the court must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court

---

[2]Had Brown been sentenced with an offense level of 33, which depends only on the fact of prior convictions, and with a criminal history category of V, his guideline range would have been 210 to 262 months' imprisonment, or less than the sentence he received.

must state its reasons for doing so. <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005).[3] [4]

Accordingly, we affirm the conviction and vacate the sentence and remand for resentencing in light of <u>Booker</u>.[5] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED</u>
<u>IN PART, AND REMANDED</u>

---

[3]Brown also challenges the use of the fact of prior convictions to find he is an armed career criminal under § 924(e), arguing that <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), must be overturned. The use of the fact of a prior conviction to determine a sentence does not violate the Sixth Amendment. <u>See</u> <u>United States v. Cheek</u>, 415 F.3d 349, 352-53 (4th Cir. 2005).

[4]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Brown's sentencing.

[5]We have considered the issues raised in Brown's informal brief filed in No. 04-7191, and find them to be without merit.