**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4120**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:14-cr-00017-RJC-6)

Submitted:  November 17, 2016                          Decided:  August 14, 2017

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James P. McLoughlin, Jr., MOORE & VAN ALLEN, PLLC, Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Elizabeth Greenough, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Smith appeals his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2012). Finding no reversible error, we affirm.

I.

Smith first claims that the district court erred in admitting witness testimony that he had previously possessed a firearm matching the description of one of the firearms listed in the indictment. We review a district court's rulings as to the admissibility of evidence for abuse of discretion. *United States v. Williams*, 740 F.3d 308, 314 (4th Cir. 2014).

Evidence of other wrongful conduct cannot be used to establish a defendant's character; however, evidence of other wrongs may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Such evidence also "may be introduced if it concerns acts intrinsic to the alleged crime because evidence of such acts does not fall under Rule 404(b)'s limitations to begin with." *United States v. Otuya*, 720 F.3d 183, 188 (4th Cir. 2013) (alteration and internal quotation marks omitted). We have held that evidence of other bad acts is considered intrinsic if "it arose out of the same series of transactions as the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (alterations and internal quotation marks omitted). Evidence is also intrinsic if it "is necessary to provide context relevant to the criminal charges." *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotation marks omitted).

The district court admitted the witness testimony as intrinsic to the charged offenses or, in the alternative, pursuant to Rule 404(b). Upon review, we find the district court did not abuse its discretion in admitting the evidence that Smith possessed a firearm matching the description of one of the firearms found in his house. *See United States v. Brown*, 151 F. App'x 286, 287–88 (4th Cir. 2005) (finding district court did not err, under Rule 404(b), in admitting evidence that defendant was observed shooting the same firearm a week before the incident at issue in felon-in-possession conviction); *United States v. Holmes*, 376 F.3d 270, 273 n.1 (4th Cir. 2004) (finding no reversible error where district court admitted evidence that defendant had used a pistol in several past robberies, and district court found evidence was intrinsic to the charged offenses of being a felon in possession of a weapon and therefore did not fall under Rule 404(b)); *see also United States v. Brooks*, 715 F.3d 1069, 1076–77 (8th Cir. 2013) (finding that admission of cell phone photos and videos of defendant posing with firearm were admissible as evidence intrinsic to charges, including possession of a firearm by a convicted felon).

## II.

Smith also claims that the evidence at trial was insufficient as a matter of law to support his conviction. We will uphold a jury's guilty verdict if it is supported by substantial evidence, defined as "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Louthian*, 756 F.3d 295, 303 (4th Cir. 2014) (internal quotation marks omitted). In making this determination, we view the evidence and draw all reasonable inferences in the light most favorable to the Government. *United States v.*

3

*McNeal*, 818 F.3d 141, 148 (4th Cir.), *cert. denied*, 137 S. Ct. 164 (2016). We defer to the jury's credibility determinations and resolutions of conflicting evidence, as those decisions "are within the sole province of the jury and are not susceptible to judicial review." *Louthian*, 756 F.3d at 303 (internal quotation marks omitted). We also must "consider the evidence in cumulative context rather than in a piecemeal fashion." *United States v. Strayhorn*, 743 F.3d 917, 922 (4th Cir. 2014) (internal quotation marks omitted). "Appellate reversal on grounds of insufficient evidence will be confined to cases where the prosecution's failure is clear." *United States v. Fuertes*, 805 F.3d 485, 502 (4th Cir. 2015) (alterations and internal quotation marks omitted), *cert. denied*, 136 S. Ct. 1220 (2016).

After viewing the evidence as a whole and in the light most favorable to the Government, we conclude that there was sufficient evidence to establish that Smith intentionally exercised dominion and control over the firearms in question. *See United States v. Moye*, 454 F.3d 390, 395 (4th Cir.2006) (setting forth elements for possession of a firearm by a convicted felon); *United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013) (providing that the "government can prove constructive possession by showing that [the defendant] intentionally exercised dominion and control over the firearm, or had the power and the intention to exercise dominion and control over the firearm" (internal quotation marks omitted)). Because the jury's verdict was supported by substantial evidence, we affirm Smith's conviction.

III.

Smith next challenges both 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1) as unconstitutionally void for vagueness. Specifically, he claims that "constructive

4

possession is an abstraction as to which [§ 922(g)(1)] gives neither sufficient notice nor guidance." He further claims that the phrase "committed on occasions different from one another" in 18 U.S.C. § 924(e)(1) is void for vagueness. Because Smith failed to raise these challenges below, we review for plain error. *United States v. Moore*, 810 F.3d 932, 939 (4th Cir. 2016). "[W]e may reverse only on a finding that (1) there was error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alterations and internal quotation marks omitted).

"The void-for-vagueness doctrine requires that penal statutes define crimes so that ordinary people can understand the conduct prohibited and so that arbitrary and discriminatory enforcement is not encouraged." *United States v. Klecker*, 348 F.3d 69, 71 (4th Cir. 2003) (internal quotation marks omitted). "[A] court considering a vagueness challenge must determine if the statutory prohibitions are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with." *United States v. Whorley*, 550 F.3d 326, 333 (4th Cir. 2008) (internal quotation marks omitted). "In evaluating whether a statute is vague, a court must consider both whether it provides notice to the public and whether it adequately curtails arbitrary enforcement." *Klecker*, 348 F.3d at 71; *accord United States v. Saunders*, 828 F.3d 198, 206 (4th Cir. 2016).

Upon review, we conclude that Smith has failed to establish plain error.[1] *See United States v. Michel*, 446 F.3d 1122, 1136 (10th Cir. 2006) (holding that the language of 18 U.S.C. § 924(e)(1) is "sufficiently definite to let a person of ordinary intelligence . . . know that if he committed . . . separate crimes on the same day against separate victims at separate locations, his sentence would be enhanced under the ACCA"); *United States v. Rogers*, 41 F.3d 25, 29 (1st Cir. 1994) (rejecting claim that 18 U.S.C. § 922(g) is void for vagueness and finding that the term "'possession' concretely describes the conduct proscribed by the statute").

IV.

Smith also contends that the district court erred in determining that his predicate convictions for robbery with a dangerous weapon were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

> We have come to rely on five factors [(the *Letterlough*[2] factors)] to determine whether predicate ACCA offenses were committed on different occasions: (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) whether the defendant had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense.

---

[1] Moreover, although Smith claims that these statutes are void for vagueness under *Johnson v. United States*, 135 S. Ct. 2551 (2015), the holding in *Johnson* has no direct relevance to Smith's argument, as § 922(g)(1) and § 924(e)(1) do not contain a provision resembling the residual clause of the Armed Career Criminal Act (ACCA).

[2] *United States v. Letterlough*, 63 F.3d 332 (4th Cir. 1995).

*United States v. Linney*, 819 F.3d 747, 751 (4th Cir. 2016) (internal quotation marks omitted). "Importantly, these five factors may be considered together or independently and the strong presence of any one factor can dispositively segregate an extended criminal episode into a series of separate and distinct episodes." *Id.* (internal quotation marks omitted). "In undertaking this five-factor analysis, courts rely on *Shepard*-approved sources[,] . . . such as the indictment, judgment, any plea agreement, the plea transcript or other comparable record confirming the factual basis for the plea, and any document explicitly incorporated into one of the foregoing." *Id.* at 751–52 (internal quotation marks omitted); *see also Shepard v. United States*, 544 U.S. 13 (2005).

Smith does not contest that his January 3, 1997, robbery was committed on a different occasion than his other three robberies. Even if we assume that the two offenses that occurred on January 21, 1997, were part of a continuing offense, the indictment indicates that Smith proceeded to use a firearm to steal a car from Gerald Wayne McClamrock on January 22, 1997. This offense occurred on the following day, involved a different victim, had a different criminal objective, and occurred after Smith had an opportunity to rethink his previous criminal behavior. *See United States v. Carr*, 592 F.3d 636, 645 (4th Cir. 2010) (finding 13 prior convictions for breaking and entering 13 storage units housed in the same building on the same date were separate and distinct episodes, as the crimes had 10 different victims and, as he committed each crime, defendant "had the opportunity to make a conscious and knowing decision to cease and desist his criminal behavior or engage in yet another crime" (internal quotation marks omitted)). Thus,

7

applying the *Letterlough* factors, we find no error in the district court's conclusion that at least three of Smith's convictions occurred on different occasions.

V.

Smith also claims that the district court violated his due process rights in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), in deciding that his predicate offenses were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). He contends that the application of this provision is a factual determination that should be submitted to a jury. Because Smith failed to raise this claim below, we review for plain error. *Moore*, 810 F.3d at 939.

We have rejected claims that the "'separateness' of the occasions" inquiry must be submitted to a jury. *See United States v. Thompson*, 421 F.3d 278, 285–86 (4th Cir. 2005) ("The line between facts that are inherent in a conviction and facts that are about a conviction is a common-sensical one, and there is no way that our conclusion as to the separateness of the occasions here can be seen to represent impermissible judicial factfinding."). Accordingly, we conclude that Smith fails to establish error, much less plain error, in this regard.

VI.

Finally, Smith argues that the district court erred in determining that his prior North Carolina convictions for robbery with a dangerous weapon are "crime[s] of violence for purposes of 18 U.S.C. § 924(e)." Smith's argument is squarely foreclosed by our recent decision in *United States v. Burns-Johnson*, __ F.3d __, 2017 WL 3027872 (4th Cir. July 18, 2017), in which we held that a North Carolina conviction for robbery with a dangerous

8

weapon categorically qualifies as a violent felony under the "force clause" of the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(i). Because Smith committed a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another," *see id.*, we likewise reject Smith's related argument that his convictions are not crimes of violence under the identical force clause set forth in *U.S. Sentencing Guidelines Manual* § 4B1.2(a)(1) (2014), as well as his objection to the inclusion of two additional criminal history points assigned to him pursuant to U.S.S.G. § 4A1.1(e).

Accordingly, we affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*