**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4484**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS XAVIER DILLINGHAM,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:15-cr-00256-FDW-DSC-1)

———————

Submitted: March 13, 2018                      Decided: March 16, 2018

———————

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Xavier Dillingham pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court calculated Dillingham's advisory sentencing range under the U.S. Sentencing Guidelines Manual (2015) at 57 to 71 months' imprisonment and sentenced Dillingham to 68 months' imprisonment. Dillingham's counsel has a filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in calculating Dillingham's base offense level at 20 under USSG § 2K2.1(a)(4)(A) based on the determination that his prior North Carolina state conviction for assault with a deadly weapon with intent to kill inflicting serious injury (AWDWIKISI) qualifies as a crime of violence. Finding no reversible error, we affirm.

When evaluating Guidelines calculations, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014). Under section 2K2.1(a)(4)(A) of the Guidelines, a defendant's base offense level is 20 if he "committed any part of the [firearm possession] offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(4)(A). "Crime of violence" has the meaning given that term in USSG § 4B1.2(a) and application note 1 of the Commentary to USSG § 4B1.2. USSG § 2K2.1, cmt. n.1. At the time of Dillingham's sentencing in July 2016, § 4B1.2(a) of the Guidelines defined a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that

2

"has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(1)-(2) (2015).

We need not resolve whether the district court erred in determining that Dillingham's AWDWIKISI conviction qualified as a crime of violence under § 4B1.2(a) because any such error was harmless. *See United States v. McManus*, 734 F.3d 315, 318 (4th Cir. 2013) ("[S]entencing error is subject to harmlessness review. Sentencing error is harmless if the resulting sentence is not longer than that to which the defendant would otherwise be subject." (internal quotation marks and alterations omitted)). Dillingham has a prior North Carolina state conviction for robbery with a dangerous weapon, an offense that "categorically qualifies as a violent felony under the 'force clause' of the [Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012)]."[*] *United States v. Burns-Johnson*, 864 F.3d 313, 315 (4th Cir.), *cert. denied*, 138 S. Ct. 461 (2017). Moreover, precedents evaluating whether an offense constitutes a violent felony under the Armed Career Criminal Act may be used interchangeably with precedents evaluating whether an offense constitutes a crime of violence under the Guidelines. *United States v. Flores-Granados*, 783 F.3d 487, 490 (4th Cir. 2015). As a result, the error (if any) was

---

[*] Under the force clause of the Armed Career Criminal Act, a crime qualifies as a violent felony if it is punishable by imprisonment for a term exceeding one year and "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

harmless.  *See United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.) ("Rule 52(a) of the Federal Rules of Criminal Procedure mandates that we must disregard harmless errors."), *cert. denied*, 138 S. Ct. 208 (2017).

In accordance with *Anders*, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal.  We therefore affirm the criminal judgment.  This court requires that counsel inform Dillingham, in writing, of the right to petition the Supreme Court of the United States for further review.  If Dillingham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Dillingham.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*