**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 16-4510**

—————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JERMAR HARDIN,

                Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:15-cr-00255-MOC-DCK-1)

—————————

Submitted: March 29, 2018                             Decided: April 2, 2018

—————————

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermar Hardin pled guilty to possession of a firearm by a person previously convicted of a felony, 18 U.S.C. § 922(g) (2012). The district court sentenced him to 46 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the district court erred in concluding that Hardin's prior North Carolina conviction for robbery with a dangerous weapon qualifies as a crime of violence. Hardin was advised of his right to file a pro se supplemental brief, but has not done so. We affirm.

We recently held that North Carolina's offense of robbery with a dangerous weapon "categorically qualifies as a violent felony under the 'force clause' of the [Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012)]." *United States v. Burns-Johnson*, 864 F.3d 313, 315-16, 319-20 (4th Cir.), *cert. denied*, 138 S. Ct. 461 (2017). This court relies on decisions evaluating whether an offense qualifies as an ACCA violent felony "interchangeably" with decisions evaluating whether an offense qualifies as a Guidelines crime of violence. *United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013) (internal quotation marks omitted). Accordingly, we conclude that the district court did not err by relying on Hardin's prior robbery with a dangerous weapon conviction to enhance his sentence for possession of a firearm after having been convicted of a crime of violence. *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(4) (2015). Further, we conclude that Hardin's 46-month sentence is reasonable. *See Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Allen*, 491 F.3d 178, 193

2

(4th Cir. 2007) (applying an appellate presumption of reasonableness to a sentence imposed within a properly calculated advisory Guidelines range).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hardin's conviction and sentence. This court requires that counsel inform Hardin, in writing, of his right to petition the Supreme Court of the United States for further review. If Hardin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hardin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*