**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4664**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CURTIS WASHINGTON, a/k/a Murk,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:16-cr-00050-FL-1)

Submitted:  June 21, 2018                    Decided:  June 25, 2018

Before DIAZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jenna Turner Blue, BLUE LLP, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Washington appeals from his convictions and 200-month sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon and distribution of cocaine base. On appeal, his attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Washington's sentence was properly enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2012). Neither the Government nor Washington has filed a brief. We affirm.

Washington's counsel avers that his North Carolina convictions for robbery with a dangerous weapon were not proper ACCA predicates because they were not violent felonies under the ACCA's definition. *See* 18 U.S.C. § 924(e)(2)(B). Counsel also asserts that Washington's prior convictions were not committed on different occasions. *See* 18 U.S.C. § 924(e). Washington's objection to the classification of his predicate convictions as crimes of violence is foreclosed by recent authority from this court. *See United States v. Burns-Johnson*, 864 F.3d 313, 315 (4th Cir.) (holding that North Carolina robbery with dangerous weapon categorically qualifies as violent felony under ACCA's force clause), *cert. denied*, 138 S. Ct. 461 (2017). Further, although Washington initially objected to counting his prior convictions as separate offenses, he withdrew the objection at sentencing and, thus, has waived an appeal of this issue. *See United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (internal quotation marks omitted).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Washington's convictions and sentence. This court requires that counsel inform Washington, in writing, of the right to petition the Supreme Court of the United States for further review. If Washington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Washington. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*