**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4746**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

JAMES SCOTT ERVIN, JR.,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:16-cr-00233-MOC-DCK-1)

Submitted: June 25, 2018                         Decided: July 5, 2018

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua B. Carpenter, Asheville, North Carolina, Anthony Martinez, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Scott Ervin, Jr., appeals the 188-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2012). On appeal, Ervin argues that his sentence is procedurally unreasonable because the district court did not adequately address his nonfrivolous arguments for a lower sentence.[*] For the reasons that follow, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In evaluating the procedural reasonableness of a sentence, we consider, among other things, whether the district court adequately explained the chosen sentence, *id.* at 51, and whether the court addressed any nonfrivolous arguments for a different sentence, *see United States v. Blue*, 877 F.3d 513, 518-19 (4th Cir. 2017). However, "[w]e will not vacate [a] sentence simply because the [district] court did not spell out what the context of its explanation made patently obvious." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

At sentencing, Ervin first claimed that, since a spate of criminal offenses committed in 2002, he had made substantial changes in his life. The court, however, highlighted the seriousness of Ervin's criminal history—which included a 2013 assault conviction during which Ervin threatened to kill the victim—and the strong likelihood that he would reoffend.

---

[*] Ervin also challenges his designation as an armed career criminal based in part on four prior convictions for North Carolina robbery with a dangerous weapon. However, Ervin rightly concedes that our decision in *United States v. Burns-Johnson*, 864 F.3d 313, 315 (4th Cir.), *cert. denied*, 138 S. Ct. 461 (2017), forecloses his argument.

The court also found that a longer sentence was necessary to protect the public from Ervin, who committed the instant offense by discharging a rifle during a verbal altercation. Thus, the court clearly rejected the suggestion that Ervin had successfully reformed the criminal behavior that marked his past.

Next, Ervin asserted that the age of the convictions giving rise to his armed career criminal status should weigh in favor of a lighter sentence. Contrary to overlooking this argument, the district court lamented that a defendant might qualify as an armed career criminal based solely on one bad crime spree that occurred many years ago. However, the court indicated that Ervin's significant criminal record would nevertheless justify an otherwise harsh sentencing enhancement.

Finally, in requesting a below-Guidelines-range sentence, Ervin insisted that he promptly accepted responsibility for his actions. While the district court did not discuss this factor at sentencing, the court's decision to adopt the presentence report and impose a within-Guidelines-range sentence necessarily incorporated the three-level downward departure that Ervin received for acceptance of responsibility. Thus, based on our review of the sentencing hearing, we are satisfied that the district court "conduct[ed] an individualized assessment of the facts and arguments presented," *Blue*, 877 F.3d at 518 (internal quotation marks omitted), and that the sentence is free of procedural error.

Accordingly, we affirm the judgment of the district court. We deny Ervin's motion for leave to file a pro se supplemental brief. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011). We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*