**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4612**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARICE SIMMONS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Malcolm J. Howard, Senior District Judge. (4:16-cr-00054-H-2)

Submitted: June 29, 2018                                    Decided: July 12, 2018

Before GREGORY, Chief Judge, and AGEE and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Jude Darrow, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larice Simmons appeals from his conviction and 192-month sentence entered pursuant to his guilty plea to possession of a firearm by a convicted felon. Simmons was sentenced as an armed career criminal. Simmons' appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but raising the issue of whether Simmons' North Carolina convictions for robbery with a dangerous weapon were properly categorized as crimes of violence for armed career criminal purposes. Simmons has filed a pro se brief reiterating his attorney's argument and also raising the following claims: (1) whether there was sufficient and proper evidence that his prior convictions occurred on different dates and/or in different places and (2) whether he was entrapped. The Government declined to file a brief.

We review de novo whether the district court erred in ruling that a prior conviction qualifies as a crime of violence for purposes of the Armed Career Criminal Act (ACCA). *United States v. Middleton*, 883 F.3d 485, 488 (4th Cir. 2018). We have previously determined that prior North Carolina convictions for robbery with a dangerous weapon categorically qualify as violent felonies under the "force clause" of the ACCA. *United States v. Burns-Johnson*, 864 F.3d 313, 315 (4th Cir.), *cert. denied*, 138 S. Ct. 461 (2017). Thus, the district court correctly categorized Simmons' convictions.

Next, Simmons argues that his prior convictions, which were all entered on the same day, should only have counted as one conviction. Thus, Simmons asserts that he did not have the three requisite predicate convictions to support the ACCA enhancement.

2

However, under the plain language of the ACCA, it matters only that the three convictions were committed on "occasions different from one another." 18 U.S.C. § 924(e)(1) (2012). Notably, we have held that "[n]othing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses." *United States v. Samuels*, 970 F.2d 1312, 1315 (4th Cir. 1992).

However, in determining whether Simmons' convictions were committed on occasions different from one another, the district court may only look to whether Simmons "necessarily admit[ted]" the times and locations of the crime as part of his guilty plea. *See United States v. King*, 853 F.3d 267, 278 (6th Cir. 2017) (holding that, where indictments and journal entries did not allege specific times or locations, there was insufficient *Shepard*-approved evidence to show that the crimes were committed on different occasions); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005) (permitting consideration of only "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" when determining nature of prior conviction for ACCA purposes).

In this case, the only information in the record regarding this issue is the information contained in the presentence report (PSR). We have held that, in determining whether prior convictions were committed on different occasions, a district court can rely on the PSR where there has been no objection to the propriety of its source material. *See United States v. Thompson*, 421 F.3d 278, 282-83 (4th Cir. 2005). In

3

district court, Simmons contended only that, because he signed only one plea agreement for all of his convictions, they should only count as one conviction. As discussed above, there is no error in counting consolidated offenses as separate offenses, so long as the offenses occurred on different occasions; thus, Simmons only preserved an incorrect technical argument and did not challenge the PSR's source material.

On appeal, Simmons, for the first time, argues that there are no *Shepard*-approved documents showing that his prior convictions did not occur on the same date and/or the same place. Because Simmons did not specifically draw the Government's and the district court's attention to the issue of whether there were *Shepard*-approved documents supporting this conclusion, neither the Government, the probation officer, nor the district court addressed it. Because Simmons provides no evidence that the district court's ruling was incorrect, the district court was entitled to rely on the PSR, and Simmons cannot show plain error on this unpreserved claim.

Finally, Simmons avers that, in discovery, he received cooperation agreements for the informants in his case. He alleges that they violated their agreements in some unspecified ways which allegedly constituted entrapment. However, the record does not demonstrate that Simmons ever raised the issue of entrapment, so the court cannot be faulted for failing to dismiss the case on this ground. Second, "[a] voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge, and constitutes an admission of all material facts alleged in the charge. Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects." *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (citations and internal quotation marks omitted).

4

Because Simmons' plea was knowing and voluntary, his entrapment argument is foreclosed.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Simmons, in writing, of the right to petition the Supreme Court of the United States for further review. If Simmons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simmons. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*