**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4142**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

KASHIF ARDE RHODES, Goat Cheese,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:16-cr-00120-D-12)

Submitted:  November 30, 2018              Decided:  January 4, 2019

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kashif Arde Rhodes appeals his 102-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). Rhodes argues that the district court procedurally erred by miscalculating his advisory Sentencing Guidelines range. Finding no reversible error, we affirm.

First, Rhodes contends that the district court miscalculated his base offense level upon finding that Rhodes had a prior felony conviction for a crime of violence, specifically North Carolina robbery with a dangerous weapon. *See* U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(4)(A) & cmt. n.1, 4B1.2(a) (2016). Rhodes candidly acknowledges, however, that his argument is foreclosed by binding circuit precedent. *See United States v. Gattis*, 877 F.3d 150, 158-60 (4th Cir. 2017) (holding that North Carolina common law robbery offense is a crime of violence under the Sentencing Guidelines), *cert. denied*, 138 S. Ct. 1572 (2018); *United States v. Burns-Johnson*, 864 F.3d 313 (4th Cir.) (holding that North Carolina robbery with a dangerous weapon offense is a violent felony under the Armed Career Criminal Act), *cert. denied*, 138 S. Ct. 461 (2017). Accordingly, we find no error in the determination of his base offense level.

Rhodes further argues that the district court erred in applying a six-level Sentencing Guidelines enhancement for assault of a law enforcement officer. *See* USSG § 3A1.2(c)(1). The Government responds that any such error was harmless because it had no effect on the sentence the district court imposed. We may proceed directly to an assumed error harmlessness inquiry without assessing the merits of Rhodes' Guidelines argument. *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014). "A

2

Guidelines error is considered harmless if we determine that (1) 'the district court would have reached the same result even if it had decided the guidelines issue the other way,' and (2) 'the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor.'" *Id.* (quoting *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011)).

In this case, the district court explicitly stated on the record that it would have given Rhodes a 102-month sentence even if it had calculated his Guidelines range differently. The district court also discussed the applicable 18 U.S.C. § 3553(a) (2012) sentencing factors and explained why a 102-month sentence was sufficient but not greater than necessary to achieve the purposes of sentencing. Given the sufficiency of the district court's reasoning and the deferential standard of review we apply when reviewing criminal sentences, *Gall v. United States*, 552 U.S. 38, 41 (2007), we conclude that Rhodes' sentence would be reasonable even if the disputed issue was resolved in his favor. *See Savillon-Matute*, 636 F.3d 119 at 124. Therefore, both prongs of the above test are met, and any error in the district court's Guidelines calculation was harmless.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*