**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6575**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEROY PORTER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., Senior District Judge. (0:96-cr-00178-JFA-1; 0:16-cv-01448-JFA)

Submitted: September 26, 2019                    Decided: November 20, 2019

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Robert Frank Daley, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy Porter appeals the district court's order denying relief on his authorized successive 28 U.S.C. § 2255 (2012) motion. We affirm.

In 1996, a jury convicted Porter of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court imposed an enhanced sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2012). The court did not identify the predicate convictions upon which it designated Porter an armed career criminal ("ACC").

In May 2016, we granted Porter authorization to file the subject 28 U.S.C. § 2255 (2012) motion challenging his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015) (invalidating the residual clause in the ACCA's definition of "violent felony"). Porter conceded that his South Carolina convictions for strong arm robbery and armed robbery qualified as violent felonies under 18 U.S.C. § 924(e)(2)(B)(i), *see United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016) (holding that South Carolina strong arm robbery is violent felony under ACCA's force clause), but argued that none of his other convictions qualified as violent felonies under the ACCA after *Johnson*.

The district court concluded that Porter had a 1978 conviction that qualified as a third ACC predicate: North Carolina armed robbery. This conviction, however, was listed in the PSR as North Carolina common law robbery.[1] But the state court records introduced

---

[1] At the time the district court issued its decision, our precedent established that North Carolina common law robbery did not qualify as a violent felony under the ACCA. *See United States v. Gardner*, 823 F.3d 793, 797 (4th Cir. 2016).

2

by the Government in the course of the § 2255 proceedings revealed that Porter was actually convicted of North Carolina armed robbery, which categorically qualified as a violent felony under the ACCA. *See United States v. Burns-Johnson*, 864 F.3d 313, 315 (4th Cir.), *cert. denied*, 138 S. Ct. 461 (2017). Thus, the district court determined that Porter had three qualifying ACC predicates and denied § 2255 relief.

Porter timely appealed. We granted a certificate of appealability and directed the Government to file a response brief addressing whether, in a post-*Johnson* § 2255 proceeding, a qualifying predicate offense erroneously reported in the original PSR as a different, non-qualifying conviction, may be considered to establish eligibility for enhanced sentencing under the ACCA. Changes in the relevant legal landscape inform that it is no longer necessary to resolve this issue. Specifically, as the Government notes, in light of *United States v. Dinkins*, 928 F.3d 349 (4th Cir. 2019), decided after we issued the certificate of appealability, the crime listed in the PSR—North Carolina common law robbery—qualifies as an ACC predicate. Therefore, as discussed below, we affirm the denial of § 2255 relief on this basis.

Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g)(1) is subject to a statutory minimum 15-year sentence if he has sustained three prior convictions for either violent felonies or serious drug offenses committed on occasions different from one another. 18 U.S.C. § 924(e). At the time of Porter's sentencing, a crime punishable by more than a year in prison qualified as a "violent felony" if it "(i) ha[d] as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) [was] burglary, arson, or extortion, involve[d] use of explosives, or otherwise

3

involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Section 924(e)(2)(B)(i) is known as "the force clause;" the first half of § 924(e)(2)(B)(ii) is "the enumerated crimes clause;" and the second half of § 924(e)(2)(B)(ii) is the "residual clause." *Dinkins*, 928 F.3d at 353.

In *Johnson*, the Supreme Court determined that the residual clause of the definition of a violent felony is unconstitutionally vague. 135 S. Ct. at 2556-63. Therefore, in order for a prior conviction to constitute a violent felony under the ACCA following *Johnson*, it must qualify either under the enumerated crimes clause or the force clause.

Earlier this year, in *Stokeling v. United States*, 139 S. Ct. 544 (2019), the Supreme Court "revisited the definition of 'physical force' under the ACCA's force clause" in resolving whether Florida robbery qualified as an ACC predicate. *Dinkins*, 928 F.3d at 354. "[T]he Court held that the term 'violent force' . . . 'encompasses robbery offenses that require the criminal to overcome the victim's resistance.'" *Dinkins*, 928 F.3d at 354 (quoting *Stokeling*, 139 S. Ct. at 550)). Applying the analysis in *Stokeling*, we held that North Carolina common law robbery qualifies as a violent felony under the ACCA's force clause. *See Dinkins*, 928 F.3d at 357-58 (noting that, "[t]o the extent that this outcome conflicts with our prior decision in *United States v. Gardner*, 823 F.3d 793, that decision has been abrogated by *Stokeling*").

Both North Carolina common law robbery—listed in the PSR as Porter's 1978 offense of conviction—and North Carolina armed robbery—the actual offense for which Porter was convicted in 1978—qualify as predicate violent felonies for purposes of the ACCA. Further, because Porter had three qualifying predicate offenses based solely on the

4

information in the original PSR, we need not resolve whether, in determining Porter's eligibility for enhanced sentencing under the ACCA, the district court erred by considering Porter's actual conviction rather than the offense listed in the PSR.[2]

We therefore affirm the district court's order denying relief on Porter's § 2255 motion. *See Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 75 n.13 (4th Cir. 2016) ("We may affirm on any grounds supported by the record, notwithstanding the reasoning of the district court."). Porter's motion for appointment of counsel is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Under North Carolina law, "[c]ommon law robbery is a lesser included offense of armed robbery or robbery with a firearm or other dangerous weapon." *State v. Ricks*, 781 S.E.2d 637, 642 (N.C. Ct. App. 2016) (internal quotation marks omitted).