**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4628**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONNIE EARL ROBBINS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:14-cr-00112-WO-1)

Submitted:  August 26, 2021                      Decided:  September 8, 2021

Before WYNN and FLOYD, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnie Earl Robbins pled guilty, pursuant to a plea agreement, to unlawful possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court determined that Robbins had sustained three prior convictions for violent felonies and sentenced him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to 180 months' imprisonment. After Robbins appealed, this court remanded the case and the district court again found that Robbins was an armed career criminal and sentenced him to 180 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Robbins was properly deemed to be an armed career criminal. Robbins filed a pro se supplemental brief raising additional challenges to his armed career criminal designation. We affirm.

Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g) is subject to a statutory minimum sentence of 15 years' imprisonment if he has sustained 3 prior convictions for either violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e). The term "violent felony" refers to a "crime punishable by imprisonment for a term exceeding one year . . . that," inter alia, "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Robbins' predicate offenses were two North Carolina convictions for robbery with a dangerous weapon and a North Carolina conviction for common law robbery. Because we have held that these North Carolina offenses constitute violent felonies under the force clause of § 924(e)(2)(B), *see United States v.*

2

*Dinkins*, 928 F.3d 349, 359 (4th Cir. 2019) (analyzing common law robbery); *United States v. Burns-Johnson*, 864 F.3d 313, 320 (4th Cir. 2017) (addressing robbery with a dangerous weapon), we conclude that the district court did not err in classifying Robbins as an armed career criminal.[*]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant Robbins' motion to extend the time for filing his pro se supplemental brief, deny Robbins' motion for reconsideration of the court's prior order denying his motion to relieve counsel, and affirm the district court's judgment. This court requires that counsel inform Robbins, in writing, of the right to petition the Supreme Court of the United States for further review. If Robbins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robbins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We have considered the arguments presented in Robbins' pro se supplemental brief and conclude they are without merit. To the extent Robbins seeks to challenge counsel's effectiveness, that claim is not cognizable on direct appeal because the record does not show that counsel was ineffective. *See United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016).