**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-4102
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY WILSON SMITH, a/k/a Ocho,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00452-WO-1)

_____

Submitted:  May 23, 2022                                           Decided:  July 20, 2022

_____

Before DIAZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Wilson Smith pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The district court imposed a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after concluding, over Smith's objection, that Smith had three prior convictions for violent felonies that were "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The court sentenced Smith to the ACCA's statutory minimum of 180 months' imprisonment.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Smith's guilty plea and whether Smith's sentence was properly enhanced under the ACCA.  Smith filed a pro se supplemental brief.[*]  The Government elected not to file a brief.

Smith's counsel filed a motion to place this case in abeyance pending the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022), which we granted. In a Fed. R. App. P. 28(j) letter, counsel notes the issuance of *Wooden*, asserts that the fifth factor of the test in *United States v. Letterlough*, 63 F.3d 332, 335-36 (4th Cir. 1995), is similar to the analysis the Supreme Court rejected in *Wooden*, and requests that we remand to allow the district court to apply *Wooden* in the first instance.  Finding no error, we affirm.

---

[*] Smith raises additional arguments challenging whether his sentence was properly enhanced under the ACCA.  These claims are meritless.

2

Our review of the plea hearing shows that the proceeding was conducted substantially in compliance with Fed. R. Crim. P. 11 and that the minor omission did not affect Smith's substantial rights. *See United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (noting that when defendant does not seek to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error, review is for plain error). Moreover, Smith knowingly and voluntarily pled guilty to his offense, and his plea was supported by a sufficient factual basis. *See United States v. Moody*, 2 F.4th 180, 196-97 (4th Cir. 2021) (stating elements of § 922(g) offense). We therefore affirm Smith's conviction.

We review de novo the district court's determination that Smith committed his predicate offenses on different occasions, "[b]ut we review for clear error the district court's factual findings made incident to this ultimate ruling." *United States v. Linney*, 819 F.3d 747, 751 (4th Cir. 2016). Under the ACCA, a defendant is subject to a mandatory minimum 15-year term of imprisonment if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). We have identified several factors for district courts to consider in determining if offenses were committed on different occasions:

> (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) whether the defendant had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense.

*Linney*, 819 F.3d at 751 (internal quotation marks omitted); *see Letterlough*, 63 F.3d at 335-37.

3

In *Wooden*, the Supreme Court addressed what qualifies as "occasions different from one another" for purposes of the ACCA.  142 S. Ct. at 1067, 1069.  The Court explained:

> [A] range of circumstances may be relevant to identifying episodes of criminal activity.  Timing of course matters, though not in the split-second, elements-based way the Government proposes.  Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events.  Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event.  And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose— the more apt they are to compose one occasion.

*Id.* at 1071.  The Court further explained that "a single factor—especially of time or place— can decisively differentiate occasions.  Courts, for instance, have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart . . . ." *Id.*

Counsel asserts that the analysis the Supreme Court rejected in *Wooden* was similar to the fifth factor of the *Letterlough* test and that Smith's four prior North Carolina convictions for robbery with a dangerous weapon were part of a single crime spree and should not count as four different predicates.  Although the analysis that the Supreme Court rejected in *Wooden*—whether "crimes take place . . . sequentially rather than simultaneously"—was similar to the fifth factor of the *Letterlough* test, 142 S. Ct. at 1068, the Sixth Circuit's analysis focused exclusively on timing in determining whether offenses were committed on different occasions, *id.* at 1067-71.  In *Wooden*, however, the Supreme Court identified timing as one of several factors relevant to the analysis.  *Id.* at 1070-71.

4

Because timing remains a relevant factor in determining whether offenses were committed on different occasions, the Supreme Court did not reject the last *Letterlough* factor in *Wooden*. Our review of the record supports the district court's conclusion. The indictments showed that the offenses were committed on different dates over a two-week period and involved different victims. Further, the time gap between the offenses, even if limited, provided a sufficient break between the offenses to qualify as separate occasions. Therefore, we conclude that the district court did not err in finding that the predicate offenses occurred on different occasions. *See United States v. Burns-Johnson*, 864 F.3d 313, 317-20 (4th Cir. 2017) (holding that North Carolina offense of robbery with a dangerous weapon qualifies as a violent felony under the ACCA).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5