**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4627**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH BENJAMIN, III,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:19-cr-00426-TDS-1)

Submitted: July 29, 2020                                        Decided: August 7, 2020

Before KEENAN and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Kimberly Furr Davis, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Benjamin, III, pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2018) (Count 1), and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018) (Count 2). The district court determined that Benjamin had three prior convictions for violent felonies and sentenced him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2018), to 230 months' imprisonment on each count, to be served concurrently. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Benjamin was properly deemed to be an armed career criminal. Although informed of his right to file a pro se supplemental brief, Benjamin has not done so. The Government moves to dismiss the appeal as barred by the appellate waiver included in Benjamin's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally . . . , if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the

defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Our review of the record confirms that Benjamin knowingly and voluntarily waived his right to appeal, with limited exceptions. We therefore hold that the waiver is valid and enforceable and grant, in part, the Government's motion to dismiss. However, as both parties acknowledge, Benjamin reserved the right to appeal a sentence in excess of the statutory maximum. Because the 230-month sentence imposed on Count 1 would exceed the 10-year statutory maximum, *see* 18 U.S.C. § 924(a)(2) (2018), if Benjamin were improperly classified as an armed career criminal, we conclude that *Anders* counsel's challenge to the application of the ACCA falls outside the scope of Benjamin's appeal waiver and deny, in part, the motion to dismiss.

Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g) is subject to a statutory minimum sentence of 15 years' imprisonment if he has sustained 3 prior convictions for either violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e). The term "violent felony" refers to a "crime punishable by imprisonment for a term exceeding one year . . . that," *inter alia*, "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Benjamin's predicate offenses were two North Carolina convictions for common law robbery and a North Carolina conviction for robbery with a dangerous weapon. Because we have held that both predicate offenses constitute "violent felonies" under the force clause of § 924(e)(2)(B), *see United States v. Dinkins*, 928 F.3d 349, 359 (4th Cir. 2019) (common law robbery); *United States v. Burns-Johnson*,

3

864 F.3d 313, 320 (4th Cir. 2017) (robbery with a dangerous weapon), we conclude that the district court did not err in classifying Benjamin as an armed career criminal. Accordingly, we affirm the judgment as to this claim.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that fall outside the scope of Benjamin's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver. We otherwise affirm. This court requires that counsel inform Benjamin, in writing, of the right to petition the Supreme Court of the United States for further review. If Benjamin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Benjamin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*